Ferland v. SSA                    CV-97-456-M    05/29/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Diane J. Ferland,
     Plaintiff

     v.                                      Civil No. 97-456-M

Kenneth S. Apfel, Commissioner
Social Security Administration,


# O R D E R

Pursuant to 42 U.S.C. § 405(g), plaintiff, Diane Ferland, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act"). Defendant objects and moves for an order affirming the decision of the Commissioner.


In support of her motion, plaintiff has identified several aspects of the Administrative Law Judge's decision with which she disagrees. She has not, however, buttressed her claims with any citations to the administrative record or pertinent case law. Instead, she has simply submitted a copy of the 3-page petition which she filed with the Appeals Council. At best, plaintiff's submissions are inadequate, see Local Rule 7.1(a)(2), and should probably be viewed as a waiver of her legal arguments. Nevertheless, so that plaintiff will not be prejudiced by the filings made on her behalf, the court will afford counsel additional time within which to specifically identify the legal bases for her challenge to the ALJ's determination and to develop

those arguments in sufficient detail (including citations to appropriate authority) so that the court may understand the precise nature of her legal and factual claims. At a minimum, counsel should consider:

    a.    Stating whether plaintiff challenges the ALJ's decision to discount the retrospective diagnosis rendered by plaintiff's physicians and, if that is a basis for her motion to reverse, developing that argument in detail;

    b.    Disclosing whether plaintiff challenges the ALJ's conclusion that plaintiff does not suffer from any nonexertional limitations and/or his use of the Grid. See generally, Ortiz v. Secretary of Health and Human Services, 890 F.2d 520 (1st Cir. 1989) (discussing, among other things, the circumstances under which it is appropriate for an ALJ to rely upon the Grid and noting that such reliance is inappropriate when the claimant suffers from significant nonexertional limitations). If that is a basis for her motion to reverse, plaintiff should develop that argument in detail; and

    c.    Discussing with some detail the basis for her argument that the ALJ erred at step three of the sequential analysis when he concluded that she did not suffer from an impairment that meets or equals a listed impairment.

Plaintiff shall file her memorandum of law in support of her motion to reverse the decision of the Commissioner on or before June 20, 1998, failing which her arguments will be deemed to have been waived and the decision of the ALJ will be affirmed. Counsel for the Commissioner may, if he so chooses, file a responsive memorandum on or before July 17, 1998.

        **SO ORDERED**

                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

May 29, 1998

cc:  Robert E. Raiche, Sr., Esq.
     David L. Broderick, Esq.